```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LORRAINE LINSER-PARRINELLO,

                Plaintiff,
                                        ORDER
     -against-                          13-CV-4585 (JS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     Lorraine Linser-Parrinello, pro se
                   337 8th Street
                   Bohemia, NY 11716

For Defendant:     No appearances.
```

SEYBERT, District Judge:

On August 9, 2013, pro se Plaintiff Lorraine Linser-Parrinello ("Plaintiff") commenced this action against the Commissioner of Social Security ("Defendant") seeking a review of Defendant's decision denying her Application for Disability Insurance Benefits, pursuant to 42 U.S.C. § 405(g) and/or § 1383(c)(3).  Plaintiff's Complaint was accompanied by an application to proceed in forma pauperis, but was also accompanied by a letter enclosing a check for the $400 filing fee and requesting that the Court grant her motion to proceed in forma pauperis and return her check.  Due to Plaintiff's in forma pauperis application, the Court returned Plaintiff's check to her on August 12, 2013.  (See Docket Entry 4.)  For the reasons that follow, Plaintiff's motion to proceed in forma pauperis is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont De Nemours & Co., Inc., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks and citations omitted). Plaintiff's affidavit fails to meet this standard. Plaintiff states that she has been unemployed since she stopped working in January 2005 and that her husband, earning a salary of $1,627 per week, pays all of the bills. (Motion to proceed in forma pauperis "Motion" ¶¶ 1-3.) Plaintiff also states that she has $28,000 in a savings account that she shares with her daughter and that she owns a house for which she pays $1,300 per month. (Id. ¶ 4, 5, 7.) Plaintiff further avers that she gives money to her daughter, although Plaintiff does not specify her daughter's age or the amount of money that she provides. (Id. ¶ 6.)

In Plaintiff's letter accompanying her Motion, she explains that she is asking the Court to "waive this fee due to a hardship basis rather than a 'poor' [basis]." (Ltr. Accompanying Motion, Docket Entry 3.) She asserts that both her mother and her daughter are experiencing medical conditions which have created a financial strain and that Plaintiff has also accrued medical bills of her own. (Id.) Plaintiff does not explain how much she owes

for her own medical bills or why she is paying for her daughter's expenses. Without some explanation, it is impossible for the Court to assess whether Plaintiff's financial position qualifies her to proceed in forma pauperis.

Accordingly, Plaintiff's Motion is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW. Plaintiff must either pay the $400.00 filing fee or submit a complete in forma pauperis application by filing the AO 239 Long Form, enclosed herewith, within fourteen (14) days of the date of this Order, along with an explanation addressing the amount of Plaintiff's outstanding medical bills for herself and an explanation as to why she is financially responsible for her daughter who, as best the Court can discern, is not a minor. Plaintiff's failure to timely comply with this Order will lead to the dismissal of her Complaint without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to pro se Plaintiff together with the AO 239 Long Form.

SO ORDERED.

Dated: October __16__, 2013      /s/ JOANNA SEYBERT_____
      Central Islip, New York      Joanna Seybert, U.S.D.J.